# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br><br>　　　　Defendant.<br>_____/ | Case No.  1:15-cv-00007-LJO-SKO<br><br>**ORDER AUTHORIZING SERVICE OF COMPLAINT ON DEFENDANT**<br><br>**ORDER DIRECTING CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS** |

## I.   INTRODUCTION

On January 5, 2014, Plaintiff Bruce Turner ("Plaintiff") filed a complaint against the U.S. Department of the Treasury seeking access to documents pursuant to 5 U.S.C. § 552(a)(4)(B). Plaintiff is currently incarcerated and is proceeding *in forma pauperis* and pro se.  For the reasons set forth below, Plaintiff's complaint states a cognizable claim for access to agency documents pursuant to the Freedom of Information Act ("FOIA").

## II.   BACKGROUND

Plaintiff alleges that he filed a FOIA request with the Financial Crimes Enforcement Network ("FinCen"), a bureau of the United States Department of the Treasury.  Plaintiff requested records concerning himself: bank records from Bank of America regarding his savings

account for the period of January 1993 through December 1994; reproduction of checks and other instruments; record of transactions; receipt of funds; and a copy of the currency Transaction Report in the sum of $100,000. (Doc. 1, p. 6.)

On December 8, 2014, Plaintiff received a letter from the FinCen denying Plaintiff's October 5, 2014, appeal of the agency's denial of his FOIA request. The letter informed Plaintiff that he could obtain judicial review in a district court where he resides pursuant to 5 U.S.C. § 552(a)(4)(B).

### III.   DISCUSSION

**A.   Legal Standard**

"FOIA entitles private citizens to access government records." *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996). "The Supreme Court has interpreted the disclosure provisions broadly, noting that the act was animated by a 'philosophy of full agency disclosure.'" *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)). FOIA, however, contains nine exemptions which a government agency may invoke to protect certain documents from public disclosure. *See id.* "Unlike the disclosure provisions of FOIA, its statutory exemptions 'must be narrowly construed.'" *Id.* (internal quotation and citation omitted).

The agencies resisting public disclosure have "the burden of proving the applicability of an exemption." *Minier*, 88 F.3d at 800. "That burden remains with the agency when it seeks to justify the redaction of identifying information in a particular document as well as when it seeks to withhold an entire document." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). An agency "may meet its burden by submitting a detailed affidavit showing that the information logically falls within the claimed exemptions." *Minier*, 88 F.3d at 800 (internal quotation marks and citations omitted).

**B.   Screening Standard**

Title 28 of the United States Code, Section 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id*. at § 1915A(b)(1)-(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.      Plaintiff's Complaint States a Cognizable Claim under FOIA**

Pursuant to 5 U.S.C. § 552(a)(4)(B),

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant . . . . .

Because Plaintiff has requested and has been denied access to agency documents, Plaintiff has pled a cognizable claim under the FOIA for full disclosure of the requested agency documents. As to FOIA's exhaustion requirement, Plaintiff has alleged that he completed the appeal process, and attached the denial letter of December 8, 2014, to his complaint.

3

## IV. CONCLUSION AND ORDER

Plaintiff's claim against the U.S. Department of the Treasury pursuant to FOIA is cognizable.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to send Plaintiff a USM-285 form, one summons, an instruction sheet, a notice of submission of documents form, and one copy of the complaint filed on January 5, 2015;

2. Within thirty (30) days from the date of service of this order, Plaintiff is DIRECTED to complete the attached notice of submission of documents and to submit the completed notice to the Court with the following documents:

    a. The completed summons;
    b. One completed USM-285 form for the defendant listed above;
    c. One copy of the endorsed complaint filed in this Court; and

3. Service upon the Defendant is appropriate when the service documents are submitted to the Court and forwarded to the United States Marshal. Plaintiff need not attempt service on defendant.

IT IS SO ORDERED.

Dated:   **April 3, 2015**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE