# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ERVIN TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>Financial Crimes Enforcement Network,<br><br>　　　　　Defendant.<br>_____/ | Case No.  1:15-cv-00007-LJO-SKO<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 18) |

## I.   INTRODUCTION

Plaintiff Bruce Ervin Turner ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action under the Freedom of Information Act ("FOIA") on January 1, 2015. (Doc. 1.)  On May 21, 2015, Plaintiff filed a motion requesting the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), which was denied. (Docs. 9, 10.) On September 21, 2015, Plaintiff again filed a motion for the appointment of counsel. (Doc. 18.)  For the reasons set forth below, Plaintiff's motion for appointment of counsel is DENIED.

## II. DISCUSSION

Plaintiff contends that counsel should be appointed because he is unable to afford an attorney, and his imprisonment will disadvantage him in litigating his case. (Doc. 18, 1-2.)

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Turner v. Rogers*, 131 S.Ct. 2516-17 (2011) (constitutional right to appointment of counsel, sometimes referred to as a "Civil Gideon," is limited to criminal cases and criminal contempt proceedings). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

As stated in the May 2015 order denying counsel, the Court does not find the required exceptional circumstances to warrant appointment of counsel. Even assuming Plaintiff is not well versed in the law and that he has set forth allegations which, if proven, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff is unable to adequately articulate his claims. *Palmer*, 560 F.3d at 970.

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status, the test is not whether Plaintiff would *benefit* from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not; the record in this case demonstrates that Plaintiff is capable of articulating his claims.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 2, 2015**                             **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE