1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE EVIN TURNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>Defendant. | No. 1:15-cv-00007-DAD-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 33) |

This matter is before the court on defendant's motion for summary judgment. (Doc. No. 33.) The motion was submitted without a hearing pursuant to Local Rule 230(l). For the reasons stated below, summary judgment will be granted in favor of defendant.

**BACKGROUND**

Plaintiff Bruce Turner is a state prisoner proceeding pro se and *in forma pauperis* in this action against defendant, United States Department of the Treasury. (Doc. No. 1.) Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), seeking the production of designated documents from the Department of the Treasury. (*Id.*) The relevant facts in this case can be found in the court's previous order granting in part and denying in part defendant's earlier motion for summary judgment and denying plaintiff's motion for a protective order. (Doc. No. 28.) The court need not reiterate those facts here. In short, in that

1

prior order, the court granted summary judgment with respect to four categories of information listed in plaintiff's FOIA request. (*Id.* at 10.) The court denied summary judgment with respect to plaintiff's request for a copy of a Currency Transaction Report ("CTR") on the grounds that the defendant failed to conduct an adequate search to verify the existence of the document. (*Id.* at 10–11.) To the extent summary judgment was denied it was "without prejudice to the filing of a properly supported motion for summary judgment as to that aspect of plaintiff's FOIA request." (*Id.* at 15.) Defendant subsequently filed a motion for summary judgment on July 27, 2017. (Doc. No. 33.) Plaintiff has not filed an opposition to the motion. The pertinent facts with respect to defendant's pending motion are as follows.

The Financial Crimes Enforcement Network ("FinCEN") is a bureau within the Department of the Treasury that administers and enforces recordkeeping requirements under the Bank Secrecy Act ("BSA"). (Doc. No. 33-1 at 2.) It also maintains and shares financial records with other appropriate government agencies. (*Id.*) FinCEN maintains CTRs as BSA records; however under 31 U.S.C. § 5319, BSA records are exempt from disclosure under the FOIA. (*Id.*)

Although CTRs are technically exempt from disclosure, defendant has verified through the declaration of Gilbert Paist, Senior Project Program Manager Advisor at FinCEN, that a search for records was conducted. (*Id.* at 3.) Mr. Paist instructed David Stoll, a FinCEN analyst with access to BSA records, to conduct a search for any CTRs that would be responsive to plaintiff's FOIA request. (*Id.*) Mr. Stoll has also provided a declaration confirming that upon a computerized search of the BSA database using plaintiff's name, date of birth, and social security number, the search failed to yield any responsive records. (*Id.*) Based upon this records search, defendant has concluded that the requested CTR under plaintiff's name does not exist and seeks summary judgment in its favor on this basis. (*Id.*)

## LEGAL STANDARD

"Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law." *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016) (en banc); *see also Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a

proper avenue for resolving a FOIA claim.") (citing *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114 (9th Cir. 1988)). The usual summary judgment standards apply and "if there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing." *Animal Legal Def. Fund*, 836 F.3d at 990; *see also Cameranesi v. U.S. Dep't of Def.*, 839 F.3d 751,762 (9th Cir. 2016) ("We have now overruled this FOIA-specific summary judgment standard, and instead apply our usual summary judgment standard.")[1]

Accordingly, summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may meet its burden by "citing to particular parts of materials in the record, including depositions, documents, electronically store information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[1] Before the *en banc* decision in *Animal Legal Defense Fund*, this was not the case in the Ninth Circuit. Rather, the recognized procedure was that, "[u]nlike the typical summary judgment analysis," "in a FOIA case, we do not ask whether there is a genuine issue of material fact, because the facts are rarely in dispute." *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). Rather, the question was whether "an adequate factual basis" exists "upon which to base [a] decision" on the FOIA claim at issue. *Id.; see also Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1040 (9th Cir. 1999). Moreover, government affidavits could supply the requisite factual basis. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135–36 (9th Cir. 2008). Although this change is legally significant, it has no impact on the resolution of the pending motion or on this FOIA action.

essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id*. at 323.

## DISCUSSION

The Freedom of Information Act ("FOIA") establishes "a judicially enforceable right to secure [government] information from possibly unwilling official hands." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citing S. Rep. No. 813, 89th Cong. (1st Sess. 1965)); *see also Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009). The aim of these disclosure requirements is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *see also Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015); *Shannahan v. I.R.S.*, 672 F.3d 1142, 1148 (9th Cir. 2012).

In response to a FOIA request, a government agency must conduct a search "reasonably calculated to uncover all relevant documents." *Lahr*, 569 F.3d at 986. To demonstrate that it has conducted a reasonable search, an agency may produce "reasonably detailed, nonconclusory affidavits submitted in good faith." *Zemansky v. U.S. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985) (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); *see also Lahr*, 569 F.3d at 986; *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995).[2]

Here, the government has provided declarations from Mr. David Stoll and Mr. Gilbert Paist. Mr. Stoll has been a FinCEN employee since 2001 and is an analyst with the Trade, Investment, and Fraud Section of the Intelligence Division. (Doc. No. 33-3 at 2, ¶ 4.) His responsibilities include training other analysts, conducting research, and analyzing multiple

---

[2] The court need not address the FOIA exemptions since none are raised or at issue here.

4

sources of information such as BSA reports. (*Id.*) Since a CTR would be found within BSA records, the court concludes that Mr. Stoll would be the appropriate individual to uncover such information if it exists. In his declaration Mr. Stoll states that he personally conducted a computerized search of the FinCEN database of BSA Records using plaintiff's full name, date of birth, and social security number as provided in the FOIA request. (*Id.* at ¶ 6.) The search did not, however, yield the discovery of any responsive records. (*Id.*) On July 13, 2017, Mr. Stoll sent an e-mail to Mr. Paist informing him that he was unable to retrieve any records in Mr. Turner's name. (*Id.* at ¶ 7.)

Mr. Paist is the Senior Project and Program Manager Advisor at FinCEN within the Department of the Treasury and has been working at FinCEN since 2006. (Doc. No. 33-4 at 1, ¶ 1.) As of June 1, 2015, he has been acting as the FinCEN Management Specialist for FOIA. (*Id.*) His responsibilities include processing FOIA requests, drafting correspondence related to the requests, overseeing searches responsive to FOIA requests, reviewing responsive records, preparing responses, and processing referrals to other agencies. (*Id.* at 2, ¶ 3.) In his declaration, Mr. Paist confirms his familiarity with plaintiff's FOIA request and acknowledges the court's previous order granting in part and denying in part summary judgment in this action. (*Id.* at 2–3, ¶¶ 4–5.) In response to the court's order, Paist sent an e-mail to Mr. Stoll, who has access to the database of BSA reports, and asked him to conduct a search for records. (*Id.* at 3, ¶ 6.) Mr. Paist has determined that should any CTRs responsive to plaintiff's request exist, they would be found in the FinCEN database of records, which Mr. Stoll had access to and searched. (*Id.*) Mr. Paist confirms in his declaration that on July 13, 2017, Mr. Stoll sent him an e-mail indicating that no responsive records could be found. (*Id.* at ¶ 7.)

The court finds that defendants have conducted an adequate search and submitted "reasonably detailed, nonconclusory affidavits" establishing that the requested record does not exist. The declarations here describe the office responsible for conducting the search, the database that was searched, and the search terms that were used. Given the nature of the document, a CTR where the reasonable search terms would only be the plaintiff's information, the court finds that the government need not do more. *See Lawyers' Comm. for Civil Rights v.*

*U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (explaining that in a FOIA case, sufficient declarations describe "what records were searched") (citing *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)); *see also McCash v. CIA*, No. 5:15-cv-02308-EJD, 2016 WL 6650389, at *6–7 (N.D. Cal. Nov. 10, 2016) (finding that defendant met its burden to show the adequacy of a search conducted in response to a FOIA request, because it "described with particularity the office responsible for the search, the database it searched, the process it used to search—including the search terms used—and the results of the search"); *Hiken v. Dep't of Defense*, 521 F. Supp. 2d 1047, 1054 (N.D. Cal. 2007) ("The disclosure of search terms and a declarant's assurances that the search covered all relevant files may be helpful in evaluating the adequacy of the search."); *c.f. Lion Raisins, Inc.*, 636 F. Supp. 2d at 1105 (finding defendant's FOIA search inadequate in part because the affidavits provided by defendant "do[] not mention whether, or what, search terms or key words were utilized."). Finally, plaintiff filed no opposition to the pending summary judgment motion and has therefore failed to come forward with any "meaningful evidentiary showing" that the defendant's search of BSA records was inadequate. *See Elec. Privacy Info. Ctr. v. Fed. Bureau of Investigation*, 235 F. Supp. 3d 207, 212 (D.D.C. 2017) ("To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records.")

**CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment on plaintiff's FOIA request number five (Doc. No. 33) is granted. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 30, 2018**

UNITED STATES DISTRICT JUDGE

6